IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SUSANN BECKER HURD,

                              Plaintiff,                          **8:23CV295**

        vs.

AUDERY ELLIOT LONG,                                        **MEMORANDUM AND ORDER**

                              Defendant.

This matter is before the Court on Plaintiff's pro se Complaint, Filing No. 1. Plaintiff, a non-prisoner proceeding pro se, has been given leave to proceed in forma pauperis. Filing No. 5. Also before the Court are Plaintiff's Motion to Appoint Counsel, Filing No. 17, and Motion captioned as a "Request for Transfer Admissions," Filing No. 18. The Court is required to conduct an initial review of in forma pauperis complaints pursuant to 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff Susanne Becker brings this action under 42 U.S.C. § 1983. Plaintiff's Complaint is difficult to discern. Plaintiff appears to allege that Defendant Audrey Long violated Nebraska law because she did not use a "unique" signature when submitting legal documents. Filing No. 1 at 4. As an example, Plaintiff explains that she has a birthmark on her neck that functions as a "unique signature" showing to the world that she is who she claims to be. Filing No. 1 at 4. Plaintiff alleges that to comply with Nebraska law, Defendant would have to provide a QR code or watermark that functions as Defendant's "unique signature." Filing No.1 at 4. Plaintiff alleges Defendant deprived

Plaintiff of due process by failing to provide a "unique signature" on legal documents that supported removal of Plaintiff's children.  *See* Filing No. 1 at 5.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e).  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

The Court has carefully reviewed Plaintiff's Complaint, keeping in mind that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law."  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  Additionally, "[t]hough pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced."  *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (internal citations omitted); *see also Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded"); *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law.").  A complaint must state enough to "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Plaintiff's Complaint, even construed liberally, does not state a claim for relief.  The Court can identify no federal or state statutory or constitutional provision that would give rise to a plausible claim for relief against Defendant.  No federal or state law requires a "unique signature" such as a birthmark or QR code to sign legal documents.  Moreover, Plaintiff makes no allegation that Defendant is a state actor.   Because Plaintiff's allegations are unintelligible and without a factual or legal basis, this action should be dismissed on initial review.  *See Denton v. Hernandez*, 504 U.S. 25, 32-34 (1992) (court

may dismiss complaint of plaintiff proceeding in forma pauperis as frivolous and may disregard clearly baseless, fanciful, fantastic, or delusional factual allegations); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (dismissing complaint as frivolous and stating that "[a] complaint is frivolous when it lacks an arguable basis in either law or fact" (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989))). Plaintiff will not be granted leave to amend her Complaint because such amendment would be futile. *See Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719-20 (8th Cir. 2014) (district courts can deny motions to amend when such amendments would be futile, such as claims that are frivolous or could not withstand a 12(b)(6) motion to dismiss); *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) ("frivolous claims are futile"); *Filipe v. FBI*, No. 8:18CV215, 2018 WL 11249338, at *1 (D. Neb. June 1, 2018) ("the court will dismiss this action as frivolous and with prejudice as the defects in the Complaint cannot be remedied through more specific pleading"). Moreover, Plaintiff has been given leave to amend her claims in other cases, *see*, *e.g.*, Case No. 8:23cv285, and thus may raise any non-frivolous claims against Defendant in an amended complaint in those cases.

## V.  MOTION TO APPOINT COUNSEL

There is no constitutional or statutory right to appointed counsel in a civil case. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam).  A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011).  "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of

conflicting testimony." *Recca v. Omaha Police Dep't*, 859 Fed. Appx. 3, 4 (8th Cir. 2021) (unpublished) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)); *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).  Having carefully considered the record, the Court will not appoint counsel at this time.

<h3 style="text-align:center">V. "REQUEST TO TRANSFER ADMISSIONS"</h3>

Plaintiff's Motion, captioned as a "Request to Transfer Admissions," is largely indiscernible.  Plaintiff submitted the Motion in numerous pending cases before the Court, but fails to specify how it is relevant to the present case.  Although the Motion asserts Plaintiff is entitled to "reinstatement," it does not identify the nature of the reinstatement or provide a legal basis for seeking relief.  Even construed liberally, the Motion lacks a coherent statement of the relief sought and is therefore denied.

<h3 style="text-align:center">V. CONCLUSION</h3>

Plaintiff's Complaint is frivolous and fails to state a claim upon which relief may be granted against the named Defendant, and any non-frivolous claims that may be asserted against Defendant are duplicative of claims raised against the same individual in Plaintiff's other cases.  Consequently, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. § 1915(e), and the Court will dismiss this matter without prejudice and without leave to amend.

IT IS THEREFORE ORDERED:

1.   This matter is dismissed without prejudice for failure to state a claim upon which relief may be granted and because it is frivolous.

2.   Judgment shall be entered by a separate document.

3.   Plaintiff's Motion to Appoint Counsel, Filing No. 17, is denied.

4.    Plaintiff's Motion captioned as a "Request for Transfer Admissions," Filing No. 18, is denied.

Dated this 12th day of December, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge